## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| _____<br>ROBERT MOSLEY and TONYA )<br>FINN )<br>   )<br>     **Plaintiffs** )<br>   )<br>**vs.** )<br>   )<br>FMS INVESTMENT CORP d/b/a )<br>FINANCIAL MANAGEMENT )<br>SYSTEMS, INC. )<br>     **Defendant** )<br>_____) | **Case Number**<br><br><br><br><br>**CIVIL COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiffs, Robert Mosley and Tonya Finn, by and through their

undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP,

complaining of Defendant, and respectfully aver as follows:

## I. INTRODUCTORY STATEMENT

1.      Plaintiffs, Robert Mosley and Tonya Finn, are adult natural persons and

bring this action for actual and statutory damages and other relief against Defendant for

violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"),

which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C.

§ 1337.

3.      Venue in this District is proper in that the Defendant transacts business in

the Commonwealth of Pennsylvania and Plaintiff resides in this District.

### III.  PARTIES

4.      Plaintiff, Robert Mosley, is an adult natural person residing at 112 North Lang Street, Pittsburgh PA 15208.

5.      Plaintiff, Tonya Finn, is an adult natural person residing at 80 Spring Street, Monticello NY 12701.  Ms. Finn was Plaintiff, Mosley's wife but has been separated from Mr. Mosley for approximately 1 ½ years.

6.      Defendant, FMS Investment Corp. d/b/a Financial Management Systems, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 1000 East Woodfield Road, Suite 102, Schaumburg IL 60173.

7.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

8.      In or around July 2008, Defendant, by and through its agents, including but not limited to Joe Toole and "Supervisor" Brian Holly began a barrage of harassing and abusive phone communications to Plaintiffs regarding an alleged debt owed to U.S. Department of Education.

9.      Plaintiff, Tonya Finn received daily calls on her home phone from Defendant's agents.  Ms. Finn made it abundantly clear that Plaintiff, Mosley did not live

with her.  Frustrated by the unabated calls, Plaintiff Finn turned off her home number temporarily.  Defendant then began to call her home **office** phone daily in November 2008.

10.     Defendant's agents have told Plaintiff, Finn that Plaintiff, Mosley "needs to return Defendant's call before it is too late and they proceed with further action".

11.     Defendant's agents have told Plaintiff, Finn that they are calling from "NRI".

12.     Simultaneously, Defendant has been calling Plaintiff, Mosley on his cell phone.  Plaintiff, Mosley has spoken to Defendant's agents on numerous occasions. Plaintiff, Mosley has asked Defendant's agents to cease calling Plaintiff, Finn. Defendant persists in calling Plaintiff, Finn in regards to Plaintiff, Mosley's debt.

13.     Defendant's agents have left messages on Plaintiff, Mosley's cell phone identifying themselves as representatives from "NRI" and left a callback number of 800-889-6321.  This phone number is owned by and registered to Defendant, Financial Management Systems, Inc.

14.     Defendant's agents have always identified the agency they work for as "NRI" and never given Plaintiff the true identity of Defendant.  In fact, the true identity of Defendant did not come to light until Plaintiff, Mosley retained the undersigned counsel, who, upon reasonable investigation, found out Defendant was indeed FMS Investment Corp. d/b/a Financial Management Systems, Inc.

15.     This intentional deception on the part of the Defendant is in violation of the FDCPA.

16.     The constant and repetitive third party contact precipitated by the Defendant is in violation of the FDCPA.

17.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

18.     The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

19.     The Defendant acted in a false, deceptive, misleading and unfair manner when they, without permission from the Plaintiff, Mosley communicated with persons other than the Plaintiff, Mosley that the Plaintiff owes a debt and made such communications on multiple occasions.

20.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

21.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

22.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

23.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

### COUNT 1 – FDCPA

24.     The above paragraphs are hereby incorporated herein by reference.

25.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692b(1), b(2), b(3), c(a)(1), c(b), d, d(5), d(6), e, e(2), e(5), e(10), e(11), e(14), f and g.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant, FMS Investment Corp. d/b/a Financial Management Systems, Inc. for the following:

a.      Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b.      Actual damages;

c.      Statutory damages pursuant to 15 U.S.C. § 1692k;

d.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e.  Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

27.  Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

28.  The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").  Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

29.  The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

30.  The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

31.  The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

32.  Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

33.  As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

34.     By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.     Actual damages;

b.     Treble damages;

c.     An award of reasonable attorneys fees and expenses and costs of court; and

d.     Such additional relief as is deemed just and proper, or that the interests of justice require.

<u>COUNT III</u>
### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 <u>et seq.</u>

35.     The foregoing paragraphs are incorporated herein by reference.

36.     Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

37.     The UTPCPL proscribes, <u>inter alia</u>, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

38.     The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, <u>inter alia</u>:

a.     Defendant misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

Case 2:05-mc-02025-GLL Document 90 Filed 01/26/2009 Page 8 of 9

b.      Defendant engaged in deceptive or fraudulent conduct which created a

likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c.      Defendant failed to comply with the FDCPA and FCEUA which are per se

violations of the UTPCPL.

39.     As a direct and proximate result of the said actions, Plaintiffs have

suffered financial damages and other harm.

40.     By virtue of the violations of law aforesaid and pursuant to the UTPCPL,

Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and

costs of suit.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor

and against Defendant, and Order the following relief:

a.      An Order declaring that Defendant violated the UTPCPL;

b.      Actual damages;

c.      Treble damages;

d.      An award of reasonable attorney's fees and expenses and cost of suit; and

e.      Such additional relief as is deemed just and proper, or that the interest of

justice may require.

Case 2:05-mc-02025 Document 90 Filed 01/26/2009 Page 9 of 9

## V.  <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.


**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:  **January 23, 2009**          BY:   ___/s/  *Brent F. Vullings*___
                                        Brent F. Vullings, Esquire
                                        Warren & Vullings, LLP
                                        1603 Rhawn Street
                                        Philadelphia, PA  19111
                                        215-745-9800   Fax 215-745-7880
                                        Attorney for Plaintiff